# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

IN RE:   S&D POWERSPORTS Subpoena

**CASE NO. 5:17-MC-00099**

**OPINION AND ORDER**

Now before the Court is a Motion to Quash Subpoena (Doc. 1), filed by S&D Powersports ("S&D"). S&D is an Arkansas citizen that received a non-party subpoena for the production of documents on July 26, 2017, from Polaris Industries, Inc. ("Polaris"). Polaris is the Defendant in a products liability case pending before the United States District Court for the District of Maine, *Phaneuf v. Polaris Industries, Inc.*, Case No. 1:16-CV-00278-JAW.

S&D filed its Motion to Quash in this Court on August 15, 2017, arguing that the subpoena: (1) is unduly burdensome, in that it seeks from S&D the production of copious records, documents, and information relating to the sale of products not at issue in the underlying case; (2) is unduly intrusive, in that it seeks commercial information of a non-party relating to products, practices, and business dealings not at issue in the underlying case; and (3) seeks information unavailable to S&D, or more properly supplied by other parties. On August 21, 2017, Polaris filed a Response in Opposition to the Motion (Doc. 3), contending that counsel for S&D failed to confer with Polaris's counsel in good faith before filing the Motion to Quash, failed to object to the subpoena as contemplated under the Federal Rules of Civil Procedure, and failed to file the Motion in a timely fashion. The documents that Polaris requests of S&D relate to a position that Plaintiff's retained expert, Alex Roberts, has allegedly taken in the underlying case. Polaris maintains in its Response

that Roberts intends to testify at trial, and that the documents requested in the subpoena "are clearly relevant to exposing the inconsistency in Roberts' opinions." *Id.* at 4.

By way of background, the underlying case has been pending in Maine since June 7, 2016, and is now set for trial to commence in a little over two weeks, on September 11, 2017. According to the trial court's scheduling order, formal discovery closed long ago, on May 19, 2017, but it appears that the parties have agreed to continue taking discovery past the formal deadline. A perusal of the trial court docket indicates that on August 22, 2017, the court held a pretrial conference and set a number of upcoming deadlines, including an August 29 deadline to file motions in limine and to object to the admissibility of proposed deposition testimony to be presented at trial. *See* Case No. 1:16-CV-00278-JAW, Doc. 75. Further, it appears that the trial court has yet to rule on a *Daubert* Motion that was filed by Polaris, which seeks to exclude the expert testimony of Alex Roberts—the same expert whose opinions are related to the subpoena for documents served on S&D. The *Daubert* motion will not be ripe until August 25, 2017. It is therefore likely that by the time this Court schedules and hears the parties' arguments on the Motion to Quash, the trial court in Maine will have already ruled on the admissibility of Roberts' testimony at trial—a decision that is likely to affect the resolution of the Motion to Quash.

Considering the unique procedural posture of the underlying case—in particular, its close proximity to trial and the pendency of the *Daubert* motion relating to Roberts—the Court finds that Rule 45(f)'s "exceptional circumstances" warrant transferring this matter to the District Court of Maine, to be ruled on by the presiding judge who is more familiar with these expert- and discovery-related issues and is currently managing the presentation

of evidence in anticipation of the upcoming trial. The Court recognizes that Movant S&D resides in Arkansas, but finds that it is unlikely that S&D will be unnecessarily burdened by the Court's decision to transfer. The docket reflects that the presiding judge, Magistrate Judge John C. Nivision, has previously held multiple telephonic hearings in this case, and may be inclined to hold such hearings in the future so that S&D and its counsel will not be required to travel to Maine. Further, the Court observes that the subpoena at issue here is for the production of documents, not for the presentation of live witnesses who would be required to appear at trial in Maine.

The authority the Court draws upon in transferring this matter is found in subdivision (f) to Federal Rule of Civil Procedure 45. This subdivision permits the Court to transfer a discovery-related motion to the court where the underlying action is pending, provided that exceptional circumstances exist to justify the transfer. The Advisory Committee's Notes to Rule 45(f) explain that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation . . . .[but] is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." Fed. R. Civ. P. 45(f) Advisory Committee's Notes to 2013 Amendment." Here, the Court finds that the trial court's ability to manage this case outweighs the interests of the non-party served with the subpoena, and thus, transfer is appropriate.

**IT IS THEREFORE ORDERED** that the Clerk's Office immediately **TRANSFER** the instant subpoena proceedings to the United States District Court for the District of Maine.

**IT IS SO ORDERED** on this 25th day of August, 2017.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE